**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4950**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

PAUL TILLAGE,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:08-cr-00458-RLW-1)

Submitted:  November 9, 2010          Decided:  December 6, 2010

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill,
Assistant Federal Public Defender, Richmond, Virginia, for
Appellant.  Neil H. MacBride, United States Attorney, Richard D.
Cooke, Assistant United States Attorney, Kevin C. Nunnally,
Special Assistant United States Attorney, Richmond, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Tillage was indicted and charged with possession with intent to distribute cocaine base, cocaine, marijuana, and methadone, in violation of 21 U.S.C. § 841 (2006) (Counts One through Four, respectively), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006) (Count Five), and maintaining a place for the purpose of manufacturing, distributing, and using controlled substances, in violation of 21 U.S.C. § 856 (2006) (Count Six).

The Government charged Tillage after the discovery of contraband in a motel room occupied by Tillage and leased in his name. Officer Eric Sandlin, one of two officers conducting surveillance at the motel, noted the smell of marijuana just before Tillage emerged from the motel room. On noticing the officers, Tillage first tried to barricade himself in the motel room, but eventually fled the scene. The officers gave chase and apprehended Tillage a few blocks away. Sandlin secured a search warrant for the motel room, citing the marijuana odor in the supporting affidavit.

Relying on Franks v. Delaware, 438 U.S. 154 (1978), Tillage sought to suppress the physical evidence against him, arguing that the affidavit in support of the search warrant contained an intentional or reckless omission of material information, and a more accurate affidavit would not have

2

supported a finding of probable cause. The district court conducted an evidentiary hearing to consider Tillage's motions, but opted not to hold a full <u>Franks</u> hearing and denied Tillage's motion to suppress. The case went to trial, and a jury found Tillage guilty of Counts One through Four and Count Six, and not guilty on Count Five.

Based on his offense level of thirty-four and a criminal history category of VI, Tillage's Guidelines range was 262 to 327 months of imprisonment. <u>U.S. Sentencing Guidelines Manual</u> Ch. 5, Pt. A (sentencing table) (2008). Counsel for Tillage argued in support of a downward variant sentence of 120 months. The district court sentenced Tillage to 262 months on Count One, 240 months on Counts Two, Four, and Six, and sixty months on Count Three, to be served concurrently, for an aggregate sentence of 262 months. This appeal followed.

On appeal, Tillage asserts two claims of error. First, Tillage argues that the district court erred when it concluded that he failed to make a substantial showing in support of his motion for a full hearing to determine whether Sandlin purposefully or recklessly omitted material information in a search warrant affidavit such that the warrant was invalid. Second, Tillage argues that his sentence is procedurally unreasonable because the district court failed to adequately articulate a basis for the sentence imposed.

3

## I. Denial of Evidentiary Hearing

In the district court, Tillage moved for an evidentiary hearing, pursuant to Franks v. Delaware. A defendant bears a heavy burden to establish the need for a Franks hearing. United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994). First, a defendant must make a "substantial preliminary showing" that the affiant intentionally included false statements necessary to a finding of probable cause. Franks, 438 U.S. at 155-56. If the defendant claims the affiant made the affidavit deceptive by omitting facts, the defendant's "burden increases yet more." United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008). In such a case, the defendant must show "that the facts were omitted 'with the intent to make, or in reckless disregard of whether they made, the affidavit misleading.'" Id. (quoting United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)). The "showing 'must be more than conclusory' and must be accompanied by a detailed offer of proof." Colkley, 899 F.2d at 300 (quoting Franks, 438 U.S. at 171). A claim that the affiant was negligent or made an innocent mistake is inadequate to obtain a hearing. Franks, 438 U.S. at 171. In addition, consideration of the omitted information must "be such that its inclusion in the affidavit would defeat probable cause." Colkley, 899 F.2d at 301. This court reviews for clear error the factual determinations

4

underlying the denial of such a motion, and reviews de novo the legal conclusions. United States v. Gary, 528 F.3d 324, 327 (4th Cir. 2008).

The record before this court does not demonstrate that the district court erred in denying Tillage's motion for a Franks hearing. First, Tillage failed to make a substantial preliminary showing that Sandlin omitted material facts knowingly or recklessly, to mislead the magistrate. Further, on consideration of the omitted material, the fact that another officer on the scene did not smell marijuana does not defeat the probable cause established by Sandlin's observations. Colkley, 899 F.2d at 300-01. Accordingly, as the district court did not err in denying the request for a Franks hearing or the motion to suppress, we affirm the district court's denial of relief.

## II. Claim of Sentencing Error

Tillage asserts that the district court committed procedural error by failing to adequately explain the sentence imposed. This court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to

5

calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, [this court] review[s] for abuse of discretion" and will reverse if such an abuse of discretion is found unless the court can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, "the district court must state in open court the particular reasons supporting its chosen sentence [and] set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal citation and quotation marks omitted). If "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Lynn, 592 F.3d at 578. When counsel requests a sentence at the bottom of the Guidelines range or below, the error is preserved. Id. at 581.

6

Tillage's arguments in the district court for a sentence below the recommended Guidelines range preserved his claim of procedural sentencing error on appeal. Id. These arguments "sufficiently alert[ed] the district court of its responsibility to render an individualized explanation addressing those arguments." Id. at 578. Therefore, we review any procedural sentencing error for abuse of discretion and reverse unless the error was harmless. Id. at 579.

Under that standard, we conclude that any procedural sentencing error in this case was harmless. See Rita v. United States, 551 U.S. 338, 359 (2007) ("Where . . . the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."); United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (procedural error is harmless if it did not have a substantial, injurious effect on the result and this court can fairly say that the sentencing court's explicit consideration of defendant's arguments would not have altered the sentence imposed). The district court heard from Tillage, his counsel, and the Government regarding an appropriate sentence, commented on Tillage's extensive criminal history, family support, and rehabilitative efforts, and noted it had read the authority provided by Tillage's counsel in support of his argument for a downward variance. The court then imposed a

sentence at the bottom of the Guidelines range. We are satisfied that the district court considered the parties' arguments and had a reasoned basis for the sentence imposed, <u>Boulware</u>, 604 F.3d at 837, and that this sentence would not be impacted by a more thorough explanation.

Accordingly, we affirm Tillage's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>