PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

MELVIN L. GARY, a/k/a Melvin Lois
Gary,
                    *Defendant-Appellant.*

No. 06-4597

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, Senior District Judge.
(3:05-cr-00378-REP)

Argued: March 18, 2008

Decided: June 16, 2008

Before Sandra Day O'CONNOR, Associate Justice (Retired),
Supreme Court of the United States, sitting by designation,
WILLIAMS, Chief Judge, and HAMILTON, Senior Circuit Judge.

---

Affirmed by published opinion. Associate Justice O'Connor wrote the
opinion, in which Chief Judge Williams and Senior Judge Hamilton
joined.

---

## COUNSEL

**ARGUED:** Craig Stover Cooley, Richmond, Virginia, for Appellant.
Richard Daniel Cooke, Assistant United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Richmond, Virginia, for

Appellee. **ON BRIEF:** Peter S. Duffey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

## OPINION

O'CONNOR, Associate Justice (Retired):

Melvin Gary appeals the district court's decision to allow the government to introduce evidence obtained from a search of his home pursuant to a warrant. He claims the affidavit underlying that warrant failed to establish probable cause on its face, and that the warrant was void because the affidavit excluded material information. Because the warrant was issued in good faith and the information excluded was not material, we affirm the district court.

I.

Late on the evening of March 25, 2005, Officer Graves of the Richmond Police Department investigated a tip from an unnamed informant. The informant had suggested that an individual named "Melvin" was selling illegal narcotics from 601 Northside Avenue. Graves visited the address in question and noticed that there were several green trash cans in the alley behind the home. Two of those trash cans were directly behind number 601. One can was spray-painted with the number "601"; adjacent to it was a second trash can, which was unmarked.

Graves removed several large, black trash bags from both cans. All the bags he removed were tied in a similar fashion. Graves did not document which bag came from which can. Inside the trash bags, Officer Graves found two plastic bags containing a white powder residue, which he believed to be heroin, squares of foil and plastic bags with the corners removed (materials often used in packaging narcotics), a document addressed to "Tammy Sauls" at 601 Northside Avenue, and dog feces, which he presumed had come from the residence at 601 Northside.

Officer Graves applied for a warrant to search 601 Northside Avenue. Upon execution of the warrant, the officers found a large amount of heroin, scales, packaging materials, and two firearms. Appellant, who was on the property at the time of the search, admitted the items belonged to him and that he was a drug dealer.

Nothing in these facts presents any difficulty. The problem, however, arose when defense counsel examined the affidavit which was submitted to the magistrate. He discovered several omissions and one error. Officer Graves did not disclose that there were two trash cans found behind the house, one of which was unmarked. Instead, he referred to "*a* green trashcan with the number 601 . . . marked on the side . . . located in the alleyway directly behind 601 Northside Ave." (emphasis added.) Further references to the garbage search discussed "*the* trashcan."

Nor did he disclose that the document containing the address "601 Northside Avenue" was addressed to "Tammy Sauls," rather than the "Melvin" mentioned by the confidential informant.

The affidavit did not mention that at least three additional trash cans marked with the number 601 were in the alley behind Northside Avenue. These other cans were situated behind other homes along the alley.

Finally, the affidavit erroneously stated that the search took place on March 25, 200*4*—a year and a day prior to the date Officer Graves requested the warrant—rather than in 2005, when the search actually took place.

On the basis of these errors and omissions, appellant moved to void the warrant and suppress the fruits of the search. After conducting extensive hearings on the matter, the district court denied his motion. He appeals.

## II.

Appellant argues that the search warrant for his home should have been voided on two grounds. First, he claims that Officer Graves

recklessly or purposefully omitted information that was material to the probable cause hearing, and thus, under *Franks v. Delaware*, 438 U.S. 154 (1978), the warrant must be voided.

Second, appellant claims that the affidavit failed to establish probable cause because it mistakenly identified the date of the search as March 25, 2004, rather than March 25, 2005, and probable cause could not have been found on the basis of such stale evidence. *See United States v. Perez*, 393 F.3d 457, 463 (4th Cir. 2004) (holding that information more than one year old is "stale" and cannot support a finding of probable cause).

We review the district court's factual findings for clear error, and its legal conclusions de novo. *United States v. Johnson*, 114 F.3d 435, 439 (4th Cir. 1997).

A.    The Excluded Information

Appellant cites three facts that Officer Graves excluded from his affidavit: Officer Graves failed to state that other trash cans in the alley were also marked 601, he claimed that the trash bags were removed from *the* trash can marked "601," rather than from two cans, and he omitted that while he found a document addressed to "601 Northside Avenue," the addressee was "Tammy Sauls," rather than "Melvin" as identified by the informant. Appellant claims that under *Franks v. Delaware*, the warrant must be voided.

*Franks* held that where an officer makes "a false statement knowingly and intentionally, or with reckless disregard to the truth," and that false statement is necessary to the finding of probable cause, the warrant is void and the fruits of the search must be suppressed. *Franks*, 393 F.3d at 156. But while Officer Graves's omissions are troubling, they were not necessary to the finding of probable cause.

Appellant argues that it is possible that another person placed the offending bags in the trash cans, or that some other person moved the unmarked can from its correct spot behind someone else's home to a place behind appellant's home. Had the officer disclosed that there were two trash cans, he argues, or that there were additional trash

cans labeled "601" in the alley, the magistrate might have considered these possibilities and found probable cause wanting.

Appellant has offered circumstances in which the trash can evidence might not have come from the residents of 601 Northside Avenue. But a finding of probable cause does not require absolute certainty. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (holding that probable cause exists if there is "a *fair probability* that contraband or evidence of a crime will be found in a particular place" (emphasis added)). While it is possible that the trash in the cans behind 601 Northside Avenue was not generated by appellant Melvin Gary, that mere possibility does not defeat probable cause. The most likely scenario is simply this: Trash cans placed directly behind a home are used by those who live there. Trash inside those trash cans, particularly if contained in trash bags, is usually generated by the house closest to those cans.

This analysis does not change if there are two trash cans located behind a home, rather than one. Nor does it change if one of those trash cans is unmarked. Instead, it suggests that the residents of the home generate more trash than will fit in one can, and that the residents did not mark both their trash cans. We acknowledge that it is *possible* that the unmarked can belonged to another address. Given that the can was found behind 601, however, that possibility is too slight to defeat probable cause.

Probable cause is reinforced by the fact that a letter addressed to "601 Northside Avenue" was found inside the trash bags. While Officer Graves did not disclose that the letter was actually addressed to "Tammy Sauls" rather than "Melvin," this fact does not defeat the finding of probable cause. The letter established that the garbage came from the correct address. It is not unusual for several people to live at one address, and an officer who found such a letter might reasonably suppose that Tammy Sauls was another resident of 601 Northside, in addition to the "Melvin" mentioned by the informant.

Furthermore, although the informant mentioned an individual named "Melvin," the evidence obtained from the trash search suggested that at least one occupant of 601 Northside was selling heroin. The warrant issued allowed the officers to search "the entire dwelling

and entire curtilage." It was not limited to "Melvin's" belongings. As such, the presence of another name on a letter would have made no difference to the probable cause inquiry.

Because Officer Graves's omissions were not material to the finding of probable cause, the district court correctly held that the warrant was not invalid under *Franks v. Delaware*, and properly refused to suppress the evidence obtained from the search of appellant's home.

### B.   The Adequacy of the Search Warrant

Appellant also claims that the search warrant was inadequate on its face because an anonymous tip, corroborated only by a year-old search of a trash can, would not provide the officers with probable cause to believe that illegal narcotics were being sold.

The government concedes that, had the search actually occurred in March of 2004, as the affidavit stated, probable cause would have been lacking. The search did not occur in 2004, however; it actually occurred the day before the officer's request for a warrant. Neither Officer Graves, who wrote the affidavit, nor the magistrate judge who signed the warrant, noticed that the year of the search of the trash can was incorrectly stated. Even defense counsel failed to notice that the date was incorrect.

In fact, this unintended typographical error might have gone entirely unnoticed were it not for the careful and diligent district judge. The error was not mentioned until the first suppression hearing, when the district judge pointed out that the year of the trash can search on the affidavit was given as "2004" rather than "2005." Having uncovered this error, the district judge investigated this issue thoroughly. He obtained testimony from Officer Graves, who explained that the trash cans had been searched the evening before the warrant was issued and that the date on the affidavit was an innocent mistake. The judge also took testimony from the magistrate, who explained that while he did not have a strong recollection of his thought process in this case, it was extremely likely that he "would have thought [the request for a warrant] would have been within 24 hours" of the search.

The magistrate's determination of probable cause rested on the actual facts of the trash can search, not the erroneous date stated in the warrant. Officer Graves thus had probable cause to believe there was illegal conduct; the magistrate considered the facts as known to Officer Graves, and agreed. The only question is whether the typographical error in the affidavit voids the warrant when probable cause otherwise exists.

Even if this sort of easily-overlooked typographical error would render the warrant deficient, we hold that under the *Leon* good-faith exception, the warrant should be upheld, *see United States v. Leon*, 468 U. S. 897, 913 (1984), because the officers reasonably relied on a warrant issued by a detached and neutral magistrate.

The *Leon* good-faith exception is not available where (1) probable cause is based on statements in an affidavit that are knowingly or recklessly false; (2) the magistrate fails to perform a "neutral and detached" function and instead merely rubber stamps the warrant; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; or (4) the warrant was so facially deficient that the executing officer could not reasonably have assumed it was valid. *Id.* at 914-15.

None of these circumstances exist here. The finding of probable cause was not based on knowingly or recklessly false statements in the affidavit. *See* Section II.A. The typographical mistake as to the year was inadvertent, and at best could be chalked up to negligence on the fault of the officer who prepared the affidavit.

Nor did the magistrate fail to perform a neutral and detached function. That he missed an error in the date does not show that his reading was cursory, or that he served as a "rubber stamp" for the police. *See United States v. Wilhelm*, 80 F.3d 116, 121 (4th Cir. 1996) (holding that a magistrate who allows bare-bones affidavit, which fails to state the items to be seized, does not perform a neutral and detached function). While the magistrate failed to detect the error in the date, as noted above, the mistake was so minor that defense counsel also missed it. The affidavit was in no other respect deficient, and the magistrate testified that he read and considered it carefully. The district court correctly concluded that the magistrate had not abandoned

his judicial role. *See United States v. Servance*, 394 F.3d 22, 231-32 (4th Cir. 2005) (holding that the magistrate did not abandon his judicial role where he read and considered the affidavit), *vacated on other grounds*, *United States v. Servance*, 544 U.S. 1047 (2005).

Had the magistrate noticed the typographical error at issue here, he would still have had a substantial basis for believing that the search had in fact taken place in 2005. The date of the trash can search was "March 25"—which would have been one day prior to the filing of the affidavit, had Officer Graves correctly specified the year.

We conclude that the affidavit presented a substantial basis for a reasonable magistrate to believe that the warrant was supported by probable cause. *Cf. Illinois v. Gates*, 462 U.S. 213 (1983) (affidavits should not be discarded for technical reasons).

An error so minor that it is not caught by the police, the magistrate, or counsel on either side does not render the warrant entirely deficient. *See United States v. Angle*, 230 F.3d 113, 118 (4th Cir. 2000) (holding that an innocent mistake in naming the wrong trailer to be searched is entitled to a good-faith exception under *Leon*), *vacated on other grounds*, *United States v. Angle*, 254 F.3d 514 (4th Cir. 2001) (en banc).

Finally, and most importantly, none of the purposes of the exclusionary rule would be served by suppressing the evidence here. The exclusionary rule seeks to deter unlawful police conduct. *Leon*, 468 U.S. at 918. Here, the police investigated an uncorroborated tip to establish probable cause to search appellant's home. Once they had found evidence of illegal narcotics activity in the trash cans, they followed proper procedures to obtain a warrant. Officers already have significant incentives to avoid the sort of mistake that occurred here. The mistake as to the year would not have helped the officers establish probable cause; quite the contrary. There is simply no need to create additional incentives for police officers to avoid making typographical errors that are to their own detriment.

For these reasons, we hold that the inadvertent, minor mistake in the affidavit is entitled to *Leon*'s good faith exception.

## III.

Because the warrant to search appellant's home was based on probable cause, we affirm the district court's decision to admit the results of that search into evidence.

*AFFIRMED*