**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4009**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONALD CHRISTOPHER MAYLE, a/k/a Chris Mayle,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Senior District Judge. (2:07-cr-00012-REM-JSK-1)

———————

Submitted: May 12, 2010        Decided: June 11, 2010

———————

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

George J. Cosenza, Parkersburg, West Virginia, for Appellant. Betsy C. Jividen, Acting United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Christopher Mayle pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006), reserving his right to appeal the denial of his motion to suppress evidence seized from his home. On appeal, Mayle contests that the search warrant application failed to establish probable cause and that the affidavit supporting the warrant was so "bare bones" as to preclude use of the good faith exception to the warrant requirement announced in United States v. Leon, 468 U.S. 897 (1984). For the following reasons, we affirm.

I.

On November 3, 2006, Sergeant Ricky L. Hymes of the Barbour County, West Virginia, Sheriff's Department, applied for a search warrant for Mayle's home. The search warrant affidavit provided, on the first page:

> Over the past two months, the Barbour County Sheriff's Department has received information from various sources that the within named defendant, Chris Mayle, has been trafficking in narcotics out of his residence. Anonymous tips have been verified by first hand observations of members of the Sheriff's Department. Confidential informants have also confirmed that the defendant has been selling cocaine from his residence and have been in the residence within the past few days. A separate information advised . . .

The affidavit continued on a second page:

2

> That the defendant has traded cocaine for stolen property in the past. The defendant had traded a four wheeler that was reported stolen by Charles Moore for a quantity of cocaine. This four wheeler was seen in the block garage within the last few days.

(JA 58-59.)

Sergeant Hymes presented the application and affidavit to Magistrate Katherine McBee of Barbour County. Magistrate McBee reminded Hymes that she would consider only the "four corners" of the document, that is, the first page. Accordingly, in Magistrate McBee's presence, Hymes typed the material from the second page of the affidavit onto the bottom of the first page. Magistrate McBee thereafter approved the warrant.

The Barbour County Sheriff's Department, executing the warrant, conducted a search of Mayle's residence on November 4, 2006 and recovered incriminating evidence, including firearms, drugs, and United States currency. In April 2007, a federal grand jury charged Mayle in a four-count indictment with multiple drug charges and the firearm charge.

Mayle filed a motion to suppress, arguing that the search warrant application failed to establish probable cause to search his home. The case was referred to a magistrate judge, who held two hearing on the motion. During the hearings, Sergeant Hymes testified that he had only prepared three or four search warrants in his career. Magistrate McBee likewise

testified that, in an average month, she received no warrant applications and thus she rarely approved search warrants.

Following the conclusion of the two hearings, the magistrate judge issued a written Report and Recommendation, concluding that suppression of the evidence was not warranted under the good faith exception announced in United States v. Leon, 468 U.S. 897 (1984).  See United States v. Perez, 393 F.3d 457, 460 (4th Cir. 2004) (explaining that where defendant challenges both the probable cause determination and the application of the good faith exception, the court may proceed directly to the issue of good faith).  The magistrate judge concluded that the affidavit was not a "bare bones" affidavit because it consisted of anonymous tips that were "verified by first hand observations of members of the Sheriff's Department." The magistrate judge noted that both Sergeant Hymes and Magistrate McBee lacked experience in applying for and approving search warrants but that there was neither the indication of bad faith by Hymes nor any indication that Magistrate McBee abandoned her role as neutral arbiter.

After the district court overruled Mayle's objections to the Report and adopted it in full, Mayle entered a conditional guilty plea to the firearm charge, reserving his right to appeal the denial of his suppression motion.  The district court sentenced Mayle to 60 months imprisonment but

4

stayed execution of the sentence pending appeal. Mayle filed a timely appeal and this court has jurisdiction pursuant to 28 U.S.C. § 1291 (2006).

## II.

On appeal, Mayle contends that Sergeant Hymes's affidavit fails to establish probable cause to search his home and that the affidavit was so "bare bones" that the Leon exception does not apply. We will use our discretion to "proceed to the good faith exception without first deciding whether the warrant was supported by probable cause." United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994). We review the application of the Leon exception de novo. See United States v. DeQuasie, 373 F.3d 509, 520 (4th Cir. 2004) (observing that, where "there are no facts in dispute, the applicability of the Leon exception . . . is purely a legal conclusion, and we review the district court's ruling de novo").

"Generally, evidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule," United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009), the purpose of which is "to deter future unlawful police conduct," United States v. Calandra, 414 U.S. 338, 347 (1974). The deterrence objective, however, "is not achieved through the suppression of evidence obtained by 'an officer acting with

5

objective good faith' within the scope of a search warrant issued by a magistrate."  Perez, 393 F.3d at 461 (quoting Leon, 468 U.S. at 920); see United States v. Mowatt, 513 F.3d 395, 404 (4th Cir. 2008) ("[I]t is the magistrate's responsibility to determine whether probable cause exists, and officers cannot be expected to second-guess that determination in close cases."). Thus, the Leon Court created an exception to the exclusionary rule, permitting the use of evidence "obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause."  Leon, 468 U.S. at 900. Accordingly, "under Leon's good faith exception, evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if the officer's reliance on the warrant was 'objectively reasonable.'"  Id. (quoting Leon, 468 U.S. at 922).

The Leon Court cautioned that an officer's reliance on a warrant would not qualify as "objectively reasonable," however, in four circumstances:  where "(1) probable cause is based on statements in an affidavit that are knowingly or recklessly false; (2) the magistrate fails to perform a neutral and detached function and instead merely rubber stamps the warrant"; (3) the affidavit  is so lacking in indicia of probable cause as to render official belief in its existence

6

entirely unreasonable; or "(4) the warrant was so facially deficient that the executing officer could not reasonably have assumed it was valid." United States v. Gary, 528 F.3d 324, 329 (4th Cir. 2008) (internal quotation marks omitted) (citing Leon, 468 U.S. at 914-15).

In this case, the magistrate judge concluded that only the third circumstance was potentially applicable. On appeal, Mayle likewise focuses only on the third circumstance, whether the affidavit in question was "so lacking in indicia of probable cause" to make reliance on the search warrant unreasonable. Leon, 468 U.S. at 923. In making his argument, Mayle relies on United States v. Wilhelm, 80 F.3d 116 (4th Cir. 1996), in which we declined to apply the Leon good faith exception due to the "bare bones nature of the affidavit" and the fact that the "state magistrate could not have acted as other than a rubber stamp." Id. at 121 (internal quotation marks omitted). The affidavit in Wilhelm relied on an "unknown, unavailable informant without significant [police] corroboration." Id. at 123. Likewise, Mayle argues, the warrant affidavit in this case is based upon information provided by unknown informants with no description of their previous reliability. Mayle also notes that the affidavit mentions that information was provided as much as two months before Sergeant Hymes applied for a warrant, suggesting that at least some of the information might have been

7

stale.  Finally, Mayle contends that the generic statement that deputies corroborated some of the anonymous informants information is insufficient to move this case beyond Wilhelm.

While we agree with the Government that the affidavit in this case is "not great," (Appellee's Br. at 7), we nonetheless conclude that application of the Leon good faith exception is warranted.  As the Government notes, and in contrast to the affidavit in Wilhelm, the affidavit here refers to multiple anonymous tips.  Unlike Wilhelm, the affidavit also establishes that deputies performed an independent investigation prior to applying for the warrant and were able to corroborate at least some of the information from the tips.  In addition, the affidavit makes specific reference to the stolen four wheeler that was viewed at Mayle's house just several days before the warrant application was filed; this reference supported the anonymous tip that Mayle sometimes traded drugs for goods.  Moreover, as in United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993), "two judicial officers have determined that the affidavit provided probable cause to search."

We explained our principal concern in Wilhelm as follows:  "Upholding this warrant would ratify police use of an unknown, unproven informant — with little or no corroboration — to justify searching someone's home."  Wilhelm, 80 F.3d at 120.

8

In contrast, the affidavit in this case established a police investigation of roughly two months coupled with receipt of information from various sources. The affidavit also specifically states that Mayle was dealing drugs from his house, including cocaine, and provided corroboration for another allegation — that Mayle traded goods for drugs — by providing that a recently stolen four wheeler was seen in his garage.

Accordingly, while the affidavit in this case was "not great," and both Sergeant Hymes and Magistrate McBee lacked experience in search warrant procedure, the affidavit is not so "bare bones" as to fall outside the Leon good faith exception.

## III.

For the foregoing reasons, we affirm Ronald Christopher Mayle's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED