**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4758**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EDD A. HICKS,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Chief District Judge.  (3:08-cr-00039-JRS-1)

Submitted:  July 16, 2010      Decided:  September 9, 2010

Before DAVIS and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles D. Lewis, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Jessica A. Brumberg, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edd A. Hicks conditionally pleaded guilty under Federal Rule of Criminal Procedure 11(a)(2) to one count of knowingly, intentionally, and unlawfully possessing with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841 (2006). In entering the conditional guilty plea, Hicks reserved his right to appeal the denial of his suppression motion, which challenged the efficacy of an "all persons" search warrant for an apartment. The district court found that probable cause supported the warrant and that, in the alternative, the good faith exception announced in United States v. Leon, 468 U.S. 897 (1984), applied. On appeal, Hicks argues that the district court erred in both rulings. We affirm.

In addressing the denial of a motion to suppress evidence, we review the district court's findings of historical fact for clear error, "giving due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996). We review de novo the ultimate legal conclusion. Id. And, "[b]ecause the district court denied the motion to suppress, we construe the evidence in the light most favorable to the Government." United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

2

The Fourth Amendment ensures that citizens are "secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. "[R]easonableness requires probable cause and a warrant unless one of the exceptions to the warrant requirement applies." Doe v. Broderick, 225 F.3d 440, 451 (4th Cir. 2000); see Katz v. United States, 389 U.S. 347, 357 (1967). The magistrate issuing the search warrant must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." Maryland v. Pringle, 540 U.S. 366, 371 (2003). For that reason, in reviewing the sufficiency of a supporting affidavit, this Court avoids applying "'hypertechnical' scrutiny . . . lest police officers be encouraged to forgo the warrant application process altogether." United States v. Robinson, 275 F.3d 371, 380 (4th Cir. 2001) (quoting Gates, 462 U.S. at 236).

The search warrant in this case was an "all persons" warrant, that is, it authorized a search not just of the apartment but of all persons in the apartment as well. In Owens ex rel. Owens v. Lott, 372 F.3d 267 (4th Cir. 2004), we adopted

3

the majority view that "an 'all persons' warrant can pass constitutional muster if the affidavit and information provided to the magistrate supply enough detailed information to establish probable cause to believe that all persons on the premises at the time of the search are involved in the criminal activity." Id. at 276. We explained that "all persons" warrants presented a "probable cause issue[] rather than [a] particularity problem[]." Id. Accordingly, "as long as 'there is good reason to suspect or believe that anyone present at the anticipated scene will probably be a participant' in the criminal activity occurring there, 'presence becomes the descriptive fact satisfying the aim of the Fourth Amendment.'" Id. (quoting State v. De Simone, 288 A.2d 849, 851 (N.J. 1972)).

The facts in this case established that, on December 28, 2006, Officers Ralph Mills and Wayne Graves and Sergeant Greer Gould of the Richmond Police Department's Focus Mission Team[*] were patrolling the 2200 block of Parkwood Avenue. At around 10:15 pm, Officer Mills observed an individual riding a bicycle without his helmet. The officers attempted to stop the individual, but he fled on the bicycle. The officers turned their car around to pursue the bicyclist and lost sight of him for approximately one minute when he turned down the alley

_____

[*] The Focus Mission Team is primarily responsible for street-level narcotics dealing and illegal firearms.

4

behind the 2300 block of Parkwood Avenue. While the officers circled back and started driving down the alley, Officer Mills saw an individual standing with a bicycle on the upstairs porch of an apartment building in the alley. The officers were uncertain if it was the same individual or bicycle they had been pursuing. When this individual saw the officers, he immediately entered the apartment and closed the door.

Officer Mills remained in the alley to watch the back door, while Sergeant Gould and Officer Graves walked to the front door of the apartment. As Officer Mills waited in the alley, three individuals exited the back door onto the porch and headed toward the back stairs. When they saw Officer Mills, they froze in place; one of the three then turned his back to Officer Mills and began manipulating something in his fingers over a couch on the porch. The three next reentered the apartment. Sergeant Gould subsequently radioed Officer Mills to inform him that the apartment's owner had granted consent to enter the apartment. Officer Mills ascended the back stairs and examined the couch, where he found what appeared to be crushed crack cocaine scattered in plain view. Officer Mills seized the items and informed Sergeant Gould of the discovery.

Thereafter, Officer Mills left the scene and prepared a search warrant affidavit while Sergeant Gould, Officer Graves, and several additional officers secured the apartment. Based on

5

the affidavit, which recounted the facts above, the magistrate judge authorized a warrant permitting a search of "the entire residence located in 2325 Parkwood Avenue Apartment C and all persons located therein." During the subsequent search of the apartment and "all persons" there, the officers recovered, inter alia, 9.291 grams of cocaine base on Edd Hicks.

We elect to exercise our discretion to proceed directly to whether the Leon good faith exception applies without first deciding whether the warrant was supported by probable cause. See United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994). "Generally, evidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule," United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009), the purpose of which is "to deter future unlawful police conduct," United States v. Calandra, 414 U.S. 338, 347 (1974). The deterrence objective, however, "is not achieved through the suppression of evidence obtained by 'an officer acting with objective good faith' within the scope of a search warrant issued by a magistrate." Perez, 393 F.3d at 461 (quoting Leon, 468 U.S. at 920); see United States v. Mowatt, 513 F.3d 395, 404 (4th Cir. 2008). Thus, the Leon Court instructed that "a court should not suppress the fruits of a search conducted under the authority of a warrant, even a 'subsequently invalidated' warrant, unless 'a reasonably well

6

trained officer would have known that the search was illegal despite the magistrate's authorization.'" United States v. Bynum, 293 F.3d 192, 195 (4th Cir. 2002) (quoting Leon, 468 U.S. at 922 n. 23).

The Leon Court cautioned that an officer's reliance on a warrant would not qualify as "objectively reasonable," however, in four circumstances: where (1) probable cause is based on statements in an affidavit that are knowingly or recklessly false; (2) the magistrate fails to perform a neutral and detached function and instead merely rubber stamps the warrant; (3) the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant was so facially deficient that the executing officer could not reasonably have assumed it was valid. United States v. Gary, 528 F.3d 324, 329 (4th Cir. 2008) (internal quotation marks omitted) (citing Leon, 468 U.S. at 914-15).

Having reviewed the record, we conclude that none of the four circumstances listed in Leon are applicable in this case and, moreover, as in United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993), "two judicial officers have determined that the affidavit provided probable cause to search." Id. at 1583. Accordingly, even assuming the district court erred in finding that the "all persons" warrant was supported by probable

cause, the district court correctly determined that the evidence was still admissible under the <u>Leon</u> good faith exception.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>