**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5133**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ERIC BAILEY,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:09-cr-00017-CCB-1)

———————

Submitted:  February 18, 2011        Decided:  March 18, 2011

———————

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Allen H. Orenberg, THE ORENBERG LAW FIRM, North Bethesda,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Clinton J. Fuchs, Andrea L. Smith, Assistant United
States Attorneys, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Bailey entered a conditional plea of guilty to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006), reserving the right to appeal the district court's denial of his motion to suppress. On appeal, Bailey challenges both the validity of the search warrant that led to discovery of the weapon in question and the court's application of the good faith exception to the exclusionary rule. Finding no error, we affirm.

"Generally, evidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule, the overarching purpose of which is to deter future unlawful police conduct." United States v. Andrews, 577 F.3d 231, 235 (4th Cir.) (internal quotation marks and citations omitted), cert. denied, 130 S. Ct. 1031 (2009). "The deterrence objective, however, is not achieved through the suppression of evidence obtained by an officer acting with objective good faith within the scope of a search warrant issued by a magistrate." Id. (internal quotation marks omitted). Thus, "under . . . [the] good faith exception [in United States v. Leon, 468 U.S. 897 (1984)], evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if the officer's reliance on the warrant was objectively

2

reasonable." Andrews, 577 F.3d at 236 (internal quotation marks omitted).

An officer's reliance on a warrant will not be "objectively reasonable," however, in four circumstances: "where (1) probable cause is based on statements in an affidavit that are knowingly or recklessly false; (2) the magistrate fails to perform a neutral and detached function and instead merely rubber stamps the warrant," United States v. Gary, 528 F.3d 324, 329 (4th Cir. 2008) (internal quotation marks omitted) (citing Leon, 468 U.S. at 914-15); (3) the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," Leon, 468 U.S. at 923 (internal quotation marks omitted); or "(4) the warrant was so facially deficient that the executing officer could not reasonably have assumed it was valid." Gary, 528 F.3d at 329. We may proceed directly to the question of good faith without first considering the underlying validity of the warrant. United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994) (citing Leon, 468 U.S. at 925). This court reviews a district court's application of the Leon exception de novo. United States v. DeQuasie, 373 F.3d 509, 520 (4th Cir. 2004).

Bailey argues that the exclusionary rule does not apply because the search warrant affidavit misled the magistrate to believe that a controlled buy of heroin took place at the

3

residence at which police recovered the firearm and that the affidavit was so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable. Bailey fails to allege that the warrant was based on any "knowingly or recklessly false statements in the affidavit," Gary, 528 F.3d at 329, because the affidavit does not indicate where the controlled drug buy took place. Thus, the district court correctly determined that it was the fact of the sale, and not the location, that established probable cause to search Bailey's residence. Moreover, the search warrant affidavit set forth specific allegations linking Bailey to drug activity and establishing his residence. In light of the relevant law, these allegations are more than sufficient to establish that reliance on the warrant was reasonable. See, e.g., United States v. Williams, 548 F.3d 311, 319-22 (4th Cir. 2008). Accordingly, the district court did not err in denying Bailey's motion to dismiss and motion for reconsideration.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4