**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4321**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ANTONIO THOMPSON,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:09-cr-00128-CCB-1)

_____

Submitted: March 30, 2011        Decided: April 12, 2011

_____

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael E. Lawlor, Andrew R. Szekely, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Christine Celeste, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Thompson was charged in a two-count indictment with possession with intent to distribute more than fifty grams of crack cocaine, 21 U.S.C. § 841(a)(1) (2006), and possessing a firearm after having been convicted of a felony, 18 U.S.C. § 922(g) (2006).  He moved to suppress the evidence seized from his home pursuant to a search warrant, arguing that the warrant was unsupported by probable cause.  The district court concluded that even if the warrant was unsupported by probable cause, the good faith exception to the exclusionary rule applied, and denied Thompson's motion.  A jury later convicted him of both counts, and Thompson was sentenced to 300 months of imprisonment.  He noted a timely appeal, challenging the denial of his motion to suppress.  Finding no error, we affirm.

"Generally, evidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule, the overarching purpose of which is to deter future unlawful police conduct."  United States v. Andrews, 577 F.3d 231, 235 (4th Cir.) (internal quotation marks and citations omitted), cert. denied, 130 S. Ct. 1031 (2009).  "The deterrence objective, however, is not achieved through the suppression of evidence obtained by an officer acting with objective good faith within the scope of a search warrant issued by a magistrate."  Id. (internal quotation marks omitted).  Thus, "under . . .

2

[the] good faith exception [in United States v. Leon, 468 U.S. 897 (1984)], evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if the officer's reliance on the warrant was objectively reasonable." Andrews, 577 F.3d at 236 (internal quotation marks omitted).

An officer's reliance on a warrant will not be "objectively reasonable," however, in four circumstances: "where (1) probable cause is based on statements in an affidavit that are knowingly or recklessly false; (2) the magistrate fails to perform a neutral and detached function and instead merely rubber stamps the warrant," United States v. Gary, 528 F.3d 324, 329 (4th Cir. 2008) (internal quotation marks omitted) (citing Leon, 468 U.S. at 914-15); (3) the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," Leon, 468 U.S. at 923 (internal quotation marks omitted); or "(4) the warrant was so facially deficient that the executing officer could not reasonably have assumed it was valid." Gary, 528 F.3d at 329. We may proceed directly to the question of good faith without first considering the underlying validity of the warrant. United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994) (citing Leon, 468 U.S. at 925). This court reviews a district court's

application of the Leon exception de novo.  United States v. DeQuasie, 373 F.3d 509, 520 (4th Cir. 2004).

We find that the officers here reasonably relied on the warrant and that the district court properly found that the Leon good faith exception should apply, even assuming that probable cause was not established.  First, there is no evidence or suggestion that the magistrate was misled by false information or that he "wholly abandoned his detached and neutral role."  See United States v. Bynum, 293 F.3d 192, 195 (4th Cir. 2002).  Nor was the warrant "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  Leon, 468 U.S. at 923.  As noted by the district court, there was sufficient indicia of ongoing narcotics trafficking that the officers would have had an objectively reasonable belief in the existence of probable cause.  Finally, there is no evidence that the warrant itself was so facially deficient that the executing officer could not reasonably have assumed it was valid.  Accordingly, the district court did not err in denying Thompson's motion to suppress.

We therefore affirm Thompson's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4