**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4858**

———————

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

    v.

GREGORY THOMAS MILLER,

        Defendant-Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:11-cr-00004-NKM-1)

———————

Submitted: June 17, 2013        Decided: July 23, 2013

———————

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY, Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Roanoke, Virginia; Mythili Raman, Acting Assistant Attorney General, Denis J. McInerney, Deputy Assistant Attorney General, April A. Christine, Assistant United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Thomas Miller ("Miller") appeals from the district court's denial of his motion to suppress certain evidence obtained during a search conducted at a DUI checkpoint. For the reasons set forth below, we affirm the judgment of the district court.

I

Miller, a 57-year-old man, was riding as passenger in his pickup truck, which was driven by L.A.J., a 16-year-old female who was not related to him. When stopped at a sobriety checkpoint on the Blue Ridge Parkway in Rockingham County, Virginia, National Park Service Rangers found that L.A.J. had no driver's license or learner's permit and that Miller's driver's license was suspended. Officers then checked L.A.J.'s status and learned that she had been recently reported missing to the National Crime Information Center ("NCIC") by both her mother, who lived in Michigan, and by her father, who lived in Texas.

Officers observed a marijuana seed on the seat of Miller's truck and conducted a search of the vehicle. While searching Miller's truck, officers found marijuana, women's underwear, a bag of recently purchased sex toys, two glass pipes containing marijuana residue, and a smoked marijuana cigarette. In addition, officers found various electronic devices, including

digital recording equipment, several memory cards, and a laptop computer.

When questioned by officers, L.A.J. stated that she had been driving with Miller from Michigan and that she had shared a hotel room with him on two nights. Miller admitted that he took L.A.J. from Michigan without her mother's knowledge or permission and stated that he was driving L.A.J. to Texas to request that her father sign emancipation papers. Miller claimed that he had previously purchased the sex toys for his adult girlfriend who lived in Louisiana, though a receipt in the bag showed that he had purchased the items only a few days earlier, while on his way to Michigan from Louisiana to pick up L.A.J. Officers looked at pictures on Miller's digital camera and found nothing of significance. When they requested Miller's consent to search his computer, Miller refused, stating that the computer contained nude pictures of his girlfriend that she would not want officers to see. Miller was placed under arrest, L.A.J. was taken into custody, and Miller's property was impounded.

Law enforcement officers obtained a warrant to search Miller's electronic devices. The search warrant that authorized the search of the electronic devices was supported by an affidavit authored by FBI Special Agent James Lamb, who was not present at the initial stop. Agent Lamb was not aware that

3

officers had viewed the pictures contained on Miller's digital camera at the time he filed the affidavit.

The affidavit stated that the intended search of Miller's electronic devices was for evidence of the crime of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(A) and the separate crime of causing or encouraging acts rendering children delinquent in violation of section 18.2-371 of the Virginia Code.[1] In support of probable cause, the affidavit set forth a number of statements, including that:

- Miller was a 57-year-old man traveling with L.A.J., a 16-year-old girl who was not related to him.

- L.A.J. was reported as an outstanding missing person or runaway with NCIC.

- Miller admitted that he took L.A.J. from Michigan without her mother's permission.

- Miller's vehicle contained a bag of recently purchased sex toys.

---

[1] Section 18.2-371 of the Code of Virginia provides penalties for "[a]ny person . . . who (i) willfully contributes to, encourages, or causes any act, omission, or condition which renders a child delinquent, in need of services, in need of supervision, or abused or neglected . . . , or (ii) engages in consensual sexual intercourse with a child 15 or older not his spouse, child, or grandchild."

4

- L.A.J. initially denied that Miller took pictures of her during their trip, but later acknowledged that Miller had taken pictures of her.

- Miller refused to give officers consent to examine his computer, claiming that the computer contained "pornographic" pictures of his girlfriend.

- L.A.J.'s mother reported that she and L.A.J. formerly lived in a trailer on Miller's property for approximately one year but moved after L.A.J.'s mother found Miller sleeping in a bed with L.A.J. and another 14-year-old minor, all of whom were fully clothed.

In executing the search warrant on Miller's laptop computer, officers discovered, among other things, videos depicting L.A.J. performing oral sex on Miller. He was subsequently charged in the United States District Court for the Western District of Virginia with seven counts of producing child pornography in violation of 18 U.S.C. § 2251(a), one count of transporting child pornography in violation of 18 U.S.C. § 2251(a)(1), one count of possession of child pornography in violation of 18 U.S.C. § 2251(a)(4)(A) and 2252(b)(2), and one count of possession of marijuana in violation of 21 U.S.C. § 844.

Miller moved to suppress the evidence found on his laptop computer pursuant to the search warrant and requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). He argued that the affidavit supporting the warrant failed to establish probable cause and contained material omissions, including the reason that his vehicle was initially stopped and that officers conducted a warrantless search of his electronic devices during that stop. Miller also contended that the affidavit omitted his statement that the sex toys were for his adult girlfriend in Louisiana and that he was not referring to L.A.J. when he stated that he had photographs of his girlfriend on his computer. Only the Lamb affidavit and search warrant were attached to his motion; Miller did not present an affidavit or any other evidence to support his contentions.

The district court conducted evidentiary hearings and denied both Miller's motion to suppress and his request for a Franks hearing. In denying the motion, the district court stated that the affidavit "contains more than sufficient allegations to allow the issuing magistrate to conclude that there was probable cause to find that Miller's computer and other devices contained evidence of child pornography, or Miller's contribution to the delinquency of a minor, or both." J.A. 217–18.

Miller subsequently filed an additional motion to suppress and a second motion for a Franks hearing, arguing that the

6

sobriety checkpoint was an unreasonable warrantless stop and that Agent Lamb's affidavit contained additional omissions, including that L.A.J.'s father had removed her as a runaway with NCIC on the night of Miller's arrest; that Miller had text messages from L.A.J.'s father showing that he was aware she was traveling with Miller; that officers improperly viewed images on Miller's digital camera during the initial stop; and officers refused to return items seized from his vehicle. Miller also argued that he never stated that the pictures of his girlfriend on his computer were "pornographic." Again, Miller did not support his arguments with an affidavit or any other competent evidence.

The district court held a second suppression hearing and heard testimony from Miller and Ranger Miranda Cook, an officer who was present at the initial stop. Miller testified that he did not give officers consent to search his truck and that he showed officers text messages from L.A.J.'s father demonstrating that he knew she was traveling to Texas with Miller. Further, Miller also testified that he stated to officers only that his computer contained pictures that his adult girlfriend in Louisiana would not want them to see, not that it contained anything pornographic. Ranger Cook testified that at the time of the initial stop, the NCIC report on L.A.J. showed outstanding missing person reports from both of L.A.J.'s parents.

7

The district court then granted Miller's request for a Franks hearing "[o]ut of an abundance of caution," J.A. 468, and Miller withdrew his claim that the checkpoint stop was unlawful. At the Franks hearing, Agent Lamb testified that, among other things, he was not aware that Miller had told the arresting officers that the sex toys were for his adult girlfriend, that he was not aware that Miller or L.A.J. had communicated with L.A.J.'s father, and that he was not aware that an arresting officer had looked at pictures on Miller's digital camera before he applied for a warrant. The arresting officer, Ranger Cyr, then testified that he was not aware of any text messages from L.A.J.'s father, that Miller had informed him that the laptop computer contained "inappropriate nude photographs" of his girlfriend (though Miller did not use the term "pornographic"), and that the pictures he viewed on Miller's digital camera were innocuous travel scenes. Miller then testified that L.A.J.'s father knew that he was driving L.A.J. to Texas and that he showed the arresting officers text messages from L.A.J.'s father. Miller provided no evidence of the text messages from L.A.J.'s father other than his own testimony.

After the hearing, the district court denied Miller's Franks motion and concluded that the omission of innocuous facts by the arresting officers to Agent Lamb were not deliberate misrepresentations. The district court then held that the

uncontroverted facts in Agent Lamb's affidavit provided the magistrate judge with a substantial basis for concluding that probable cause existed to search Miller's laptop computer for evidence of both offenses: the federal child pornography crimes as well as the Virginia crime of contributing to the delinquency of a minor. The district court also concluded that Miller failed to meet his burden of showing a Franks violation.

Miller then entered a conditional guilty plea to all counts pursuant to a plea agreement, retaining his right to appeal the district court's rulings on his suppression motions. The district court sentenced Miller to 300 months' imprisonment followed by a life term of supervised release.

Miller timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

II

We review a district court's findings of fact in ruling on a motion to suppress for clear error and legal determinations de novo. United States v. Lewis, 606 F.3d 193, 197 (4th Cir. 2010) (motion to suppress); United States v. Gary, 528 F.3d 324, 327 (4th Cir. 2008) (Franks motion). We construe the evidence in the light most favorable to the prevailing party below, in this case, the government. United States v. Holness, 706 F.3d 579, 588 (4th Cir. 2013).

9

Miller raises two issues on appeal. First, he argues that the affidavit submitted by Agent Lamb did not provide the magistrate judge with a sufficient basis to conclude that probable cause existed for the issuance of a search warrant. Second, Miller argues that the omissions and misstatements included in Agent Lamb's affidavit were made with a reckless disregard for the truth, violating Franks and rendering the search warrant invalid. We address each argument in turn.

A

Miller argues that the evidence presented in the affidavit bears no connection to child pornography and, thus, failed to establish probable cause to justify the search of his electronic devices for child pornography.

In reviewing the validity of a search warrant, we consider whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. United States v. Grossman, 400 F.3d 212, 217 (4th Cir. 2005). Here, we have no trouble concluding that Agent Lamb's affidavit provided the magistrate judge with a substantial basis to decide that probable cause existed as to two crimes, possession of child pornography in

violation of 18 U.S.C. § 2252(a)(5)(A) and causing acts rendering a child delinquent in violation of section 18.2-371 of the Code of Virginia. Agent Lamb's affidavit established that Miller had driven from Louisiana to Michigan to pick up L.A.J. and that on the way there he stopped and purchased sex toys. Miller took L.A.J. without her mother's knowledge or permission and had thereafter shared hotel rooms with L.A.J. on at least two nights. Her mother had previously witnessed Miller sharing a bed with L.A.J. and suspected Miller of having an inappropriate sexual relationship with her daughter. Miller also traveled with digital recording devices, several memory cards, and a laptop computer that he admitted contained inappropriate nude images of his adult girlfriend that he did not want law enforcement officers to see. L.A.J. also admitted to police that Miller had taken pictures of her while on their trip.

Taken together, the above uncontroverted facts permit the inference that Miller had an inappropriate sexual relationship with L.A.J., that Miller had the capability of taking sexually explicit photographs and videos of L.A.J., and that Miller stored sexually explicit photographs or videos of other women he had a sexual relationship with on his laptop computer, which was available to L.A.J.

Agent Lamb's affidavit thus sets forth uncontroverted facts that established probable cause to search Miller's electronic

11

devices and provided a substantial basis for the magistrate judge to conclude that Miller's electronic devices contained evidence of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(A) or of violating section 18.2-371 of the Code of Virginia.[2] The magistrate judge therefore had a substantial basis upon which to conclude that probable cause existed to conduct the search of Miller's electronics and, thus, to issue the search warrant.[3]

B

Alternatively, Miller argues that Agent Lamb's affidavit could not establish probable cause, as it was based upon the false claim that Miller said his computer contained "pornographic" pictures of his girlfriend. Also, Agent Lamb's

---

[2] Furthermore, Miller took L.A.J. away from her home without her parents' knowledge or permission, causing two missing person reports to be filed; Miller's truck contained marijuana and other drug paraphernalia; and Miller, with a suspended driver's license, permitted L.A.J., a minor with no driver's license to operate his vehicle upon a public highway.

[3] In support of his arguments, Miller cites a recent Third Circuit opinion, Virgin Islands v. John, 654 F.3d 412 (3d Cir. 2011). Miller's reliance on John is misplaced, though, as the facts of that case are easily distinguishable from those before us. Among other things, in John, the Third Circuit concluded that the affidavit failed to establish any link between the defendant's crime of molesting children at his place of work and whether he might possess child pornography at his residence. John, 654 F.3d at 419. In contrast, in this case, Agent Lamb set forth a series of facts linking Miller with an underage girl, sex toys, and digital recording equipment, all at the same time and place, making John inapposite.

use of the generic term "girlfriend" in his affidavit implied that Miller was referring to L.A.J., when, in fact, he was referring to his adult girlfriend in Louisiana. Miller further contends that several omissions from Agent Lamb's affidavit defeat the magistrate judge's conclusion that probable cause existed. Among other things, Miller argues that Agent Lamb's affidavit omitted that arresting officers found only innocuous pictures on Miller's camera, that Miller claimed the sex toys were for his adult girlfriend in Louisiana, that one of the missing person reports concerning L.A.J. was later removed, and that Miller had sent and received text messages with L.A.J.'s father. Taken together, Miller argues, these misstatements and omissions by Agent Lamb violate Franks and require invalidation of the search warrant and suppression of all evidence seized during the search of Miller's laptop computer and related devices.

In Franks, the Supreme Court held that a "search warrant must be voided and the fruits of the search excluded" if a defendant establishes, by a preponderance of the evidence, that the affidavit supporting that warrant included false statements made "knowingly and intentionally, or with reckless disregard for the truth" and that those false statements were "necessary to the finding of probable cause" such that, "with the affidavit's false material set to one side, the affidavit's

13

remaining content is insufficient to establish probable cause."

Franks, 438 U.S. at 155–56.

Here, even excluding all controverted statements from Agent Lamb's affidavit and including the omissions that Miller alleges, the affidavit would support the magistrate judge's finding of probable cause. Accepting Miller's arguments, Agent Lamb's affidavit would still have included the facts that (1) neither Miller nor L.A.J. had a valid driver's license; (2) L.A.J. was the subject of two outstanding missing person reports at the time of Miller's arrest; (3) L.A.J., a minor, was traveling across the country with Miller, a 57-year-old man who was not her relation; (4) Miller and L.A.J. shared a hotel room on two nights, though Miller claimed that they slept in separate beds; (5) Miller claimed to be taking L.A.J. from Michigan to Texas, but actually took her in the opposite direction, to Virginia; (6) Miller's truck contained a bag of recently purchased sex toys; (7) the truck contained marijuana and other drug paraphernalia; (8) the truck contained a laptop computer, digital recording devices, and numerous memory cards; (9) Miller told officers that he did not want them to search his laptop computer because it contained nude or inappropriate pictures of his adult girlfriend; (10) L.A.J. admitted to officers that Miller took pictures of her during their travels; and (11) L.A.J.'s mother reported to officers that she was concerned

14

that Miller had an inappropriate sexual relationship with L.A.J. Even including the additional information that officers searched Miller's camera and found no inappropriate pictures, the magistrate judge would still have had a substantial basis for finding probable cause that Miller had created or possessed child pornography or had contributed to the delinquency of a minor. <u>Franks</u> therefore does not require invalidation of the search warrant or suppression of the fruits of the search of Miller's computer.

IV

For all the foregoing reasons, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

15