**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4882**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

JAMES ALBERT SAUNDERS, III,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:19-cr-00090-HEH-1)

Submitted: September 22, 2020          Decided: October 7, 2020

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy G. Kamens, Federal Public Defender, Alexandria, Virginia, Nia Ayanna Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Stephen W. Miller, Assistant United States Attorney, Holli R. Wood, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Albert Saunders, III, appeals from the criminal judgment entered following his conditional guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Saunders challenges the district court's denials of his motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and his motion to suppress evidence seized during the execution of a search warrant at his home. We affirm.

I.

A.

Beginning with the district court's denial of Saunders' request for a *Franks* hearing, Saunders maintains that the officer who applied for and obtained the September 19, 2018 search warrant for Saunders' home falsely stated in the Affidavit for Search Warrant (the "Affidavit") that a person named "Jamar L Blount" lived there. (J.A. 33).[1] The Affidavit added that Blount had "several narcotic[s] arrest[s]." (J.A. 33). The Affidavit based those statements on information from "criminal intelligence databases" and "personal observation." (J.A. 33). In reality, however, Blount has been incarcerated since 2013, and he thus could not have been living at Saunders' home when the officer submitted the Affidavit in September 2018. Saunders also faults the officer for omitting several facts from the Affidavit, including that one of the criminal databases used by the officer reflected

_____

[1] Citations herein to "(J.A. ___)" refer to the contents of the Joint Appendix filed by the parties in this appeal.

2

that Blount was associated with at least 7 other addresses and that 54 other people were associated with Saunders' address. According to Saunders, the purportedly false statement that Blount lived at Saunders' home was material to the state magistrate's probable cause determination because the remaining facts in the Affidavit were insufficient to establish probable cause. And, Saunders asserts, the aforementioned omissions were material because the inclusion of the omitted information in the Affidavit would have defeated probable cause for the search.

We have explained that "[a]n accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit." *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011). "In its decision in *Franks v. Delaware*, however, the Supreme Court carved out a narrow exception to this rule, whereby an accused is entitled to an evidentiary hearing on the veracity of statements in the affidavit." *Id.* Given the "presumption of validity" afforded to an affidavit supporting a search warrant, the defendant faces a "heavy burden" when invoking the narrow exception recognized in *Franks*. *See United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (internal quotation marks omitted), *cert. denied* 140 S. Ct. 823 (2020).

To earn a *Franks* hearing, the defendant "must make a substantial preliminary showing that (1) law enforcement made a false statement; (2) the false statement was made knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to the finding of probable cause" (also known as the "materiality" requirement). *Id.* (internal quotation marks omitted). When the defendant predicates his *Franks* hearing request on information omitted from an affidavit, he is obliged "to make a

3

substantial preliminary showing that the omissions were intentional or reckless," and that the omissions were material to the probable cause determination—that is, the inclusion of the omitted information in the affidavit would have defeated probable cause. *United States v. Jones*, 942 F.3d 634, 640 (4th Cir. 2019) (internal quotation marks omitted). "We assess the legal determination underlying the district court's *Franks* ruling de novo." *Id.*

We are satisfied that the district court correctly denied Saunders' *Franks* hearing request. After removing the allegedly false statement or adding the omitted information, the Affidavit still supports a finding of probable cause. *See Jones*, 942 F.3d at 640; *Allen*, 631 F.3d at 171.

To explain, probable cause exists to search a location when, considering the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in [that] particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). That "practical, common-sense" standard, *id.*, is satisfied here based on two facts in the Affidavit: (1) the officer who submitted the Affidavit received a tip that Saunders' home was a "narcotics house" about two weeks before the search, and (2) the officer conducted a trash pull at Saunders' home immediately before applying for the warrant and discovered "a large amount of plastic baggies with twisted and torn off corners," with some of those baggies containing a white residue that the officer "believed to be a . . . narcotic," (J.A. 33). The Affidavit further stated that the trash pull evidence was "consistent with the distribution and sale of narcotics." (J.A. 33).

Important here, we have ruled that the corroboration of a tip through the discovery of drug trafficking evidence during a trash pull supports probable cause for a search

4

warrant. *See United States v. Gary*, 528 F.3d 324, 327-28 (4th Cir. 2008). Consequently, we conclude that the district court did not err in denying Saunders' request for a *Franks* hearing because, after removing the allegedly false statement or adding the omitted information, the Affidavit nevertheless supports a finding of probable cause.[2]

B.

Next, Saunders argues that the district court erred by denying his motion to suppress because the Affidavit was insufficient to support a finding of probable cause even with the information about Blount. In assessing a district court's ruling on a motion to suppress, we review conclusions of law de novo and any underlying factual findings for clear error. *See United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016). When considering a challenge to a magistrate's finding of probable cause, we afford the magistrate's "determination great deference, and ask only whether the [magistrate] had a substantial basis for finding probable cause." *Jones*, 942 F.3d at 638 (internal quotation marks omitted).

As previously explained, the tip and the officer's corroboration of that tip provided a substantial basis for the magistrate's probable cause finding. *See United States v. Montieth*, 662 F.3d 660, 664-65 (4th Cir. 2011) (ruling that magistrate had substantial basis

---

[2] Insofar as Saunders relies on our decision in *United States v. Lyles*, 910 F.3d 787 (4th Cir. 2018), we are unpersuaded that it requires a different result here. In *Lyles*, there was no tip to corroborate, and the evidence from the trash pull was less substantial. 910 F.3d at 793.

for probable cause finding in similar circumstances); *Gary*, 528 F.3d at 327-28 (same). We are therefore satisfied that the district court properly denied Saunders' motion to suppress.

## II.

For those reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*