<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4121**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

DECARDIO LAMONT GLISSON,

              Defendant – Appellant.

———————

**No. 10-4122**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

DERRICK LIONELL GLISSON,

              Defendant – Appellant.

———————

Appeals from the United States District Court for the District of South Carolina, at Columbia.   Joseph F. Anderson, Jr., District Judge. (3:08-cr-00405-JFA-1; 3:08-cr-00405-JFA-2)

———————

Argued: October 28, 2011       Decided: January 5, 2012

———————

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded in part by unpublished per curiam opinion. Judge Davis wrote an opinion concurring in part and concurring in the judgment.

─────────────

**ARGUED:** Jonathan McKey Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina; Robert Sneed, ROB SNEED LAW FIRM, LLC, Greenville, South Carolina, for Appellant. Jeffrey Mikell Johnson, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** William N. Nettles, United States Attorney, Robert F. Daley, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brothers Decardio Glisson ("Decardio") and Derrick Glisson ("Derrick") appeal their convictions and sentences on an eight-count indictment charging them with various narcotics and firearms offenses under 21 U.S.C. §§ 841 and 846, and 18 U.S.C. §§ 2, 922, and 924. In this consolidated appeal, the Glissons raise a total of eleven issues alleging pretrial, trial, and sentencing errors. In this opinion, we address only three: whether the affidavit, which contained false information and which was submitted in support of the search warrant, supported a finding of probable cause; whether the district court properly admitted a redacted version of the statement Derrick had given to the police; and whether the district court correctly held that Derrick's conviction under 18 U.S.C. § 922(g)(9) did not violate his Second Amendment rights.[1] For the following reasons, we affirm Decardio's conviction and sentence, and we affirm in part and vacate and remand in part Derrick's conviction and sentence.

I

The circumstances leading to the Glissons' convictions arose out of several incidents that occurred in Sumter, South

---

[1] We have reviewed the remaining issues and find them to be without merit.

Carolina, in the summer of 2007. Early on the day of June 14, 2007, there was gunfire on St. Paul Church Road in Sumter. Several rounds of ammunition were fired into two residences, and witnesses indicated the perpetrators were traveling by vehicle.

Later that day, Derrick arrived at the Tuomey Regional Medical Center in a Dodge Ram pickup truck (the "truck") and reported that he had been shot in his right hand. Local law enforcement was notified that a gunshot victim had come to the hospital for treatment. Officers from Sumter County arrived at the hospital shortly thereafter. In the process of interviewing several bystanders (one of whom was Decardio) near a truck which was parked in the Tuomey parking lot, the officers learned that Decardio and Derrick had been riding in the truck when Derrick was shot in the hand. The officers also observed three shell casings on the ground next to the truck. Standing outside the truck, the officers were also able to observe blood on the interior floorboard and a shell casing in the truck bed.

Believing that Derrick's wound might be linked to the earlier shooting incident, the officers sought a search warrant for the truck. However, the affidavit which was submitted in application for the search warrant contained numerous false statements. After the search warrant was procured, the truck was towed, and a subsequent search by the officers recovered marijuana, cash, a knife, a loaded Glock .40 caliber semi-

automatic pistol, a loaded Smith & Wesson 9mm semi-automatic pistol, two spent 9mm cartridge casings, and a total of 152.71 grams of powder cocaine and 9.01 grams of crack cocaine. The following day, an officer returned to the hospital and obtained a sworn statement from Derrick which indicated, among other things, that he had been a passenger in the truck the previous day when he was shot in the hand and that Decardio had been the driver of the truck.

Two months later, on August 23, 2007, Decardio was stopped, while driving the same truck, for routine traffic violations. As the officer approached the truck, he smelled the odor of burning marijuana and observed in plain view a bag containing marijuana on Decardio's lap. Decardio was arrested for possession of marijuana and a search incident to that arrest revealed a gun, marijuana, drug paraphernalia, over $1,000 in cash, and 1.4 grams of crack cocaine.

The Glissons were charged with conspiracy to distribute and possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846 (Count One); possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 18 U.S.C. § 2 (Count Two); and possession and use of a firearm in furtherance

5

of a drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c)(1) (Count Three).

In addition, Decardio was charged with two counts of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count Four and Count Eight); possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Six); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Seven). Derrick was charged with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9), 924(a)(2), and 924(e) (Count Five).

II

Before trial, the Glissons moved for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), and to suppress the evidence seized as a result of the search of the truck. The Glissons argued that the affidavit submitted in support of the application for the search warrant contained numerous false statements and that without these statements, probable cause did not exist to issue a search warrant for the truck. Thus, they argued that the narcotics and firearms found in the truck, which were discovered as the result of an invalid search and which

6

formed the basis of some of the counts against them, should be suppressed.

Additionally, Decardio filed a pretrial motion, under <u>Bruton v. United States</u>, 391 U.S. 123 (1968), to suppress the statement Derrick provided to the police which linked Decardio to the truck. Decardio argued that <u>Bruton</u> precluded the use of Derrick's statement in their joint trial because Derrick would be a non-testifying codefendant and Decardio would not have the opportunity to cross-examine Derrick. Further, Derrick moved to dismiss Count 5 of the indictment, which charged him with possessing a firearm after being convicted of a misdemeanor for domestic violence, arguing that 18 U.S.C. § 922(g)(9) violates his Second Amendment right to keep and bear arms.

The district court orally denied Derrick's motion to dismiss Count 5. The district court then held an evidentiary hearing on the Glissons' motion to suppress the evidence found during the search of the truck. In its subsequent order denying that motion, the district court found that the affidavit supported a finding of probable cause even after the false statements had been removed. The district court kept the <u>Bruton</u> motion under advisement, but on the first day of the trial ruled in favor of the government on the <u>Bruton</u> issue and permitted a redacted version of Derrick's statement to be introduced into evidence.

After the district court denied motions for judgment of acquittal, the jury returned a verdict finding Decardio guilty on Counts One, Two, Three, Four, and Eight, but acquitting him on Counts Six and Seven, and finding Derrick guilty of Counts One, Two, Three, and Five. The district court overruled the Glissons' objections to their pre-sentence report and sentenced Derrick to 198 months imprisonment and Decardio to 226 months.

III

A

On appeal, the Glissons argue the district court erred in denying their motion to suppress the evidence seized from the truck. We review de novo the legal conclusions underlying a district court's decision not to suppress evidence, and we review its factual findings for clear error. United States v. Gary, 528 F.3d 324, 327 (4th Cir. 2008). Under Franks v. Delaware, the district court must determine whether, after the "material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." 438 U.S. at 171-72. The false information "must do more than potentially affect the probable cause determination: it must be necessary to the finding of probable cause." United

States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990) (internal quotation marks and citation omitted).

We hold that the district court did not err in denying the Glissons' motion to suppress. Although it is undisputed that the affidavit supporting the search warrant contained numerous false statements,[2] the district court correctly found that after the false statements are removed from the affidavit the remaining information in the affidavit still "informs that a subject arrived to the hospital with a gunshot wound, that there were spent shell casings throughout the vehicle in which the subject arrived, and that there had been a shooting earlier in the day." J.A. 240. In light of this, we agree with the district court that "there is a fair probability that contraband or evidence of a crime will be found in a vehicle which has blood, firearm shell casings, and an individual with a gunshot wound as its cargo." J.A. 240. Therefore, we find that when the false information is excised from the affidavit, the remaining factual allegations are sufficient for a magistrate to find probable cause for a search warrant.

---

[2] While the false statements are not determinative in this case, the fact that law enforcement officials presented the magistrate with an affidavit containing these falsehoods reflects unfavorably on the officials involved.

In his statement to the police while he was at the hospital, Derrick implicated Decardio as the driver of the truck at the time of the shooting and the driver who drove Derrick to Tuomey. Decardio argued below and continues to argue on appeal that Derrick's statement, when combined with other testimony at trial, is inculpatory evidence that unfairly incriminates Decardio as possessing the contraband found in the truck. Decardio argues, therefore, that the district court erred in admitting into evidence a redacted version of Derrick's statement to the police because use of the statement would violate his Sixth Amendment right to confront and cross-examine Derrick regarding this statement.

"We review the district court's admission or exclusion of evidence for an abuse of discretion." United States v. Lighty, 616 F.3d 321, 351 (4th Cir. 2010). We hold that, in accordance with Bruton v. United States, the district court did not abuse its discretion by admitting a redacted version of the signed statement into evidence. The references to Decardio were replaced with "another person," "other person," and "the driver." J.A. 1014. Although the statements, when combined with other evidence, may have incriminated Decardio, such inferential incrimination does not violate the Confrontation Clause. See United States v. Akinkoye, 185 F.3d 192, 198 (4th Cir. 1999)

10

(approving of neutral phrases in the redaction such as "another person" or "another individual"); United States v. Vogt, 910 F.2d 1184, 1191-92 (4th Cir. 1990) (noting that a redacted statement, in which the co-defendant's name was replaced with the word "client," did not on its face impermissibly incriminate the codefendant even though the incriminating import was inferable from other evidence that had been admitted). Accordingly, we hold that the district court did not abuse its discretion by admitting the redacted statement into evidence.

C

Finally, Derrick argues that 18 U.S.C. § 922(g)(9), which prohibits the possession of firearms by a person convicted of a misdemeanor crime of domestic violence, imposes an undue burden on his Second Amendment rights under District of Columbia v. Heller, 554 U.S. 570 (2008). Thus, he argues that the district court erred in failing to dismiss his conviction under Count Five and that his conviction should be vacated and remanded to the district court for an individualized determination as to whether § 922(g)(9) is unconstitutional as applied to him.

In United States v. Chester, 628 F.3d 673 (4th Cir. 2010), which was decided while this case was on appeal, we adopted a two-step approach to Second Amendment challenges: First, we examine "whether the challenged law imposes a burden on conduct

falling within the scope of the Second Amendment's guarantee." Id. at 680. Second, using an intermediate scrutiny standard, the government then bears the burden of demonstrating a "reasonable fit between the important object of reducing gun violence and § 922(g)(9)'s permanent disarmament of all domestic-violence misdemeanants." Id. at 683. In Chester, we concluded that the record on appeal was insufficient to determine whether the government had met its burden, so we remanded the case in order for both sides to "have an opportunity to present their evidence and their arguments to the district court in the first instance." Id.

In light of Chester, we believe that remand of this issue is appropriate in order for the district court to determine in the first instance whether § 922(g)(9) is unconstitutional as applied to Derrick's conviction on Count Five. Therefore, we vacate Derrick's judgment and sentence as it relates to Count Five and remand this issue to the district court.

IV

For the foregoing reasons, we affirm Decardio's conviction and sentence. We affirm Derrick's conviction and sentence except for the judgment and sentence on Count Five, which we vacate and

12

remand to the district court for a hearing consistent with this opinion.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED IN PART

DAVIS, Circuit Judge, concurring in part and concurring in the judgment:

I concur in part and concur in the judgment, but I write separately to make two observations.

First, I am unable to join in Part III.A of the majority opinion affirming the district court's denial of the Glissons' motion to suppress under Franks v. Delaware, 438 U.S. 154 (1978). Instead, I conclude that the longstanding automobile exception to the Fourth Amendment warrant requirement plainly applies to the circumstances presented in this case and obviates any necessity to examine the propriety of the district court's treatment of the Franks issue. While the government does not rely on the automobile exception on appeal, the government asserted the exception in opposition to the Glissons' motion to suppress below and we may affirm on any ground supported by the record. See Allen v. Lee, 366 F.3d 319, 343 (4th Cir. 2004).

Under the automobile exception to the Fourth Amendment warrant requirement, law enforcement officers may search a vehicle if it is "'readily mobile'" and "'probable cause exists to believe it contains contraband,'" United States v. Kelly, 592 F.3d 586, 589 (4th Cir.) (quoting Pennsylvania v. Labron, 518 U.S. 938, 940 (1996)), cert. denied, 130 S. Ct. 3374 (2010), or even mere evidence, Arizona v. Gant, 556 U.S. 332, ---, 129 S. Ct. 1710, 1721 (2009) ("If there is probable cause to believe a

14

vehicle contains evidence of criminal activity, United States v. Ross, 456 U.S. 798, 820-821 (1982), authorizes a search of any area of the vehicle in which the evidence might be found."). The scope of the search "is as broad as a magistrate could authorize." Kelly, 592 F.3d at 589. Therefore, "once police have probable cause, they may search 'every part of the vehicle and its contents that may conceal the object of the search.'" Id. at 590 (quoting Ross, 456 U.S. at 825).

Here, the truck was readily mobile[*] and the officers had probable cause to believe it contained evidence of one or more criminal offenses. Specifically, the officers learned that (1) the Glissons had been riding in the truck when Derrick suffered a gunshot wound and (2) they had arrived at the hospital in the truck. The officers observed three shell casings on the ground next to the vehicle, as well as a shell casing in the bed of the vehicle and blood on the interior floorboard. Indisputably, therefore, the record here shows that probable cause existed to

---

[*] There was testimony that one of the officers parked his car near or behind the truck, which the Glissons contend "prevent[ed] access or movement of [the truck]," Appellant's Br. 7, but this does not undermine application of the automobile exception. See Kelly, 592 F.3d at 590-91 (rejecting defendant's argument that the automobile exception does not apply "because the police exercised control over the vehicle and had therefore eliminated any potential exigencies" as there was "little risk that [the car] would be driven away" because "[the car] was operational and therefore readily mobile").

15

believe that evidence of criminal offenses arising from a felonious shooting, e.g., live and/or spent ammunition, bullet fragments, shell casings, myriad microscopic evidence, evidence of ownership and/or use of the vehicle itself, among other potential evidence, would be discovered in the vehicle.

To be sure, officers are certainly to be applauded whenever they seek a warrant in lieu of undertaking a warrantless search. United States v. Srivastava, 540 F.3d 277, 288 (4th Cir. 2008) ("Our Court—as well as the Supreme Court and other judicial bodies—has consistently encouraged the authorities to act prudently in the Fourth Amendment context, and, when the circumstances permit, to seek and secure the authorization of a judicial officer—in the form of a warrant—before conducting a search or seizure."), cert. denied, 129 S. Ct. 2826 (2009). Nonetheless, their decision here, grounded in commendable caution, to seek a warrant does not mean, as a matter of settled law, they actually needed one to search the vehicle under the circumstances confronting them in this case.

Second, our remand of the indictment count charging a violation of 18 U.S.C. § 922(g)(9) in Part III.C may seem puzzling in some sense in light of United States v. Staten, --- F.3d ---, 2011 WL 6016976 (4th Cir. Dec. 5, 2011), but given the disposition of this appeal, it would seem likely that the

16

government will move successfully to dismiss that charge altogether upon remand.