**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4047**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WINSTON SYLVESTER OLIVER, II,

Defendant - Appellant.

_____

**No. 12-4052**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WARREN HAROLD BROWN,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:11-cr-00063-JRS-2; 3:11-cr-00063-JRS-1)

_____

Argued: February 1, 2013                    Decided: March 8, 2013

_____

Before WILKINSON and FLOYD, Circuit Judges, and Joseph R. GOODWIN, United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Christopher J. Collins, Richmond, Virginia; Mark Bodner, Fairfax, Virginia, for Appellants.  Erik Sean Siebert, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Neil H. MacBride, Alexandria, Virginia, Roderick C. Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Winston Sylvester Oliver, II and Warren Harold Brown were tried jointly and convicted in the Eastern District of Virginia for one count of conspiracy to commit robbery under 18 U.S.C. § 1951(a) (2006), one count of attempt to commit robbery under 18 U.S.C. §§ 2, 1951(a), and two counts of using or carrying a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). On appeal, Oliver argues that the district court abused its discretion in denying his motion to sever his trial from Brown's, Brown argues that the district court erred in denying his motion to suppress, and both appellants argue that the district court erred in denying their joint motion to dismiss one of the two § 924(c) charges. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. As explained below, we reject the appellants' challenges and affirm.

I.

First, Oliver argues that the district court abused its discretion in denying his motion to sever his trial from Brown's.

A.

We review a district court's ruling on a motion to sever for abuse of discretion, and its factual findings for clear error. United States v. Hornsby, 666 F.3d 296, 308 (4th Cir.

3

2012); <u>United States v. Shores</u>, 33 F.3d 438, 442 (4th Cir. 1994). It is well-settled in this circuit that "[g]enerally, individuals indicted together should be tried together." <u>United States v. Khan</u>, 461 F.3d 477, 490-91 (4th Cir. 2006) (quoting <u>United States v. Strickland</u>, 245 F.3d 368, 384 (4th Cir. 2001)). A defendant must "show that he was prejudiced by the denial of a severance motion in order to establish that the district court abused its broad discretion in that regard." <u>United States v. Lighty</u>, 616 F.3d 321, 348 (4th Cir. 2010).

"[S]everance is required to preserve [a] defendant's Sixth Amendment right to confront his accusers" when a non-testifying codefendant's statement "clearly implicates" the defendant. <u>United States v. Akinkoye</u>, 185 F.3d 192, 197 (4th Cir. 1999). However, only statements that facially incriminate the defendant violate the Confrontation Clause and require severance; statements that incriminate the defendant only when linked with other evidence introduced at trial do not violate the Confrontation Clause and therefore do not require severance. <u>Richardson v. Marsh</u>, 481 U.S. 200, 208-11 (1987); <u>see also</u> <u>Akinkoye</u>, 185 F.3d at 198; <u>Lighty</u>, 616 F.3d at 376-77. We have upheld statements that replaced a defendant's name with the terms "client" or "driver" because the use of those terms did not facially incriminate the defendant, even if the statement implicated the defendant when combined with other evidence

4

introduced at trial. See United States v. Vogt, 910 F.2d 1184, 1191-92 (4th Cir. 1990); United States v. Glisson, 460 F. App'x 259, 263 (4th Cir. 2012). We have also upheld statements that were "[w]ritten in the third person and in grammatically correct phrases" and which "referred generally and without facial incrimination to some number of individuals who could, or could not, be the other defendants." United States v. Min, 704 F.3d 314, 321 & n.5 (4th Cir. 2013).

## B.

In this case, Brown's statement was redacted by replacing Oliver's name with the term "the driver." For instance, part of the statement read:

> The driver planned the armed robbery and had directed Brown regarding what to do. When asked for further clarification, Brown stated the driver planned the entire armed robbery . . . Brown stated that the driver provided the handgun used to commit the armed robbery. Brown stated the last time he had seen this handgun, he had left it on the back seat of the driver's vehicle. Brown stated that the driver did not tell him, Brown, who the handgun belonged to and Brown did not ask any questions about the gun.

J.A. 384. First, it is clear that the statement was written in the third person and in grammatically correct phrases; the replacement of Oliver's name with "the driver" did not result in any obvious indication of deletion. See Min, 704 F.3d at 321. Moreover, both of Oliver's arguments are based on the fact that

5

the prosecution admitted other evidence identifying Oliver as the driver. The redacted statement, standing alone, did not facially incriminate Oliver. Under the standards set forth by the Supreme Court and our prior decisions, Brown's statement as redacted did not violate the Confrontation Clause. Accordingly, we conclude that the district court did not abuse its discretion in denying Oliver's motion to sever.

## II.

Second, Brown argues that the district court erred in denying his motion to suppress his statements to Detective Ellett and Special Agent Umphlet.

## A.

In reviewing a motion to suppress, "[w]e review the district court's legal determinations de novo and its factual determinations for clear error." United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). When a district court denies a motion to suppress, "we construe the evidence in the light most favorable to the government." Id. We also "particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted).

Once an officer has given a suspect Miranda warnings, "[i]f the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." Miranda v. Arizona, 384 U.S. 436, 473-74 (1966). The Supreme Court has made it abundantly clear that if a suspect has invoked his right to remain silent and has requested an attorney, he may not be "subject[ed] to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 484-85 (1981).

## B.

Viewing the evidence in the light most favorable to the Government, we conclude that the district court did not err in denying Brown's motion to suppress his incriminating statements. Both Detective Ellett and Special Agent Umphlet followed proper procedures in obtaining Miranda waivers from Brown. None of the actions taken by either Detective Ellett or Special Agent Umphlet prior to obtaining the waivers can reasonably be deemed functional equivalents of interrogation. See United States v. Blake, 571 F.3d 331, 340-41 (4th Cir. 2009) (finding that providing a statement of charges to custodial suspect who had

7

previously invoked his right to counsel is not functional equivalent of interrogation).

Finally, the Supreme Court's decision in Montejo v. Louisiana disposes of Brown's Sixth Amendment argument. 556 U.S. 778, 786-87 (2009) (holding a defendant's knowing and intelligent waiver of his Miranda rights also operates as a knowing and intelligent waiver of his Sixth Amendment right to counsel). Accordingly, we conclude that the district court did not err in denying Brown's motion to suppress his incriminating statements.

III.

Finally, both Oliver and Brown argue that the district court erred in denying their joint motion to dismiss one of the two § 924(c) charges.

A.

We review Double Jeopardy determinations de novo. United States v. Goodine, 400 F.3d 202, 206 (4th Cir. 2005). The Double Jeopardy Clause protects a defendant against "the imposition of cumulative punishments for the same offense in a single criminal trial" and "being subjected to successive prosecutions for the same offense." Id. (internal quotation marks and emphasis omitted). Charging a single offense in multiple counts exposes a defendant to the risk of multiple

8

punishments for the same offense, and is therefore unconstitutional. Id. at 207.

18 U.S.C. § 924(c) punishes the use or carry of a firearm during and in relation to a crime of violence. "A defendant who has 'used' or 'carried' a firearm on several separate occasions during the course of a single continuing offense . . . has committed several section 924(c)(1) offenses." United States v. Camps, 32 F.3d 102, 107 (4th Cir. 1994). Additionally, "convictions for separate crimes of violence can lead to multiple sentences under § 924(c)." United States v. Khan, 461 F.3d 477, 493 (4th Cir. 2006). Consecutive § 924(c) sentences violate the Double Jeopardy Clause only if "the underlying crimes are . . . identical under the [Blockburger v. United States, 284 U.S. 299 (1932)] analysis." Id. at 494.

## B.

Here, it is clear that the Double Jeopardy Clause does not bar multiple charges under § 924(c). First, Oliver and Brown were charged with two separate crimes of violence: conspiracy to commit robbery and attempt to commit robbery. Conspiracy is a separate crime from the underlying crime. See United States v. Ayala, 601 F.3d 256, 267 (4th Cir. 2010) ("[A] conspiracy is itself a crime of violence when its objectives are violent crimes.") (internal quotation marks omitted).

9

Second, Brown used the handgun three times in relation to the attempted robbery and in furtherance of the conspiracy. He (1) brandished the handgun at Conrad; (2) brandished and fired the handgun at Miss; and (3) fired the handgun at and shot Edmond.

Finally, with respect to Oliver, we have held that "[t]he [Pinkerton v. United States, 328 U.S. 640 (1946)] doctrine makes a person liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." United States v. Ashley, 606 F.3d 135, 142-43 (4th Cir. 2010). Use of the handgun by Brown was clearly in furtherance of the conspiracy to commit robbery, and was clearly foreseeable to Oliver in this case.

Accordingly, we conclude that the district court did not err in denying Oliver and Brown's joint motion to dismiss one of the two § 924(c) charges against them.

IV.

For the reasons explained above, we affirm the judgment of the district court.

AFFIRMED

10