**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4368**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRED L. MORTON, III, a/k/a Fred Linwood Morton,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge; Robert E. Payne, Senior District Judge. (3:17-cr-00161-JAG-1)

Submitted: October 18, 2018                    Decided: October 24, 2018

Before GREGORY, Chief Judge, and RICHARDSON and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig W. Sampson, BARNES & DIEHL, PC, Richmond, Virginia, for Appellant. G. Zachery Terwilliger, United States Attorney, Stephen E. Anthony, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fred L. Morton, III appeals the district court's criminal judgment entered following his conditional plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Morton challenges the district court's denial of his motion to suppress the fruits of a search of his residence, arguing that the search warrant lacked probable cause and was not saved by the good faith exception. Finding no reversible error, we affirm.

When a defendant challenges both probable cause and the applicability of the good faith exception, we may proceed directly to the good faith analysis without first deciding whether the warrant was supported by probable cause. *United States v. Leon*, 468 U.S. 897, 925 (1984). The applicability of the good faith exception in this case is a legal conclusion that we review de novo. *United States v. Stephens*, 764 F.3d 327, 334-35 (4th Cir. 2014).

The Fourth Amendment protects individuals from "unreasonable searches" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To deter police misconduct, "evidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule." *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009). But "[t]he deterrence objective [of exclusion] . . . is not achieved through the suppression of evidence obtained by an officer acting with objective good faith within the scope of a search warrant issued by a magistrate." *Id.* Thus, "under *Leon*'s good faith exception, evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if

2

the officer's reliance on the warrant was objectively reasonable." *Id.* at 236 (internal quotation marks omitted); *see Leon*, 468 U.S. at 922.

"[S]earches executed pursuant to a warrant will rarely require any deep inquiry into reasonableness" because "[t]ypically, a warrant issued by a magistrate . . . suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Andrews*, 577 F.3d at 236 (internal quotation marks omitted). However, there are four circumstances in which evidence gathered pursuant to the warrant must nevertheless be excluded:

> (1) when the affiant based his application on knowing or reckless falsity; (2) when the judicial officer wholly abandoned his role as a neutral and detached decision maker and served merely as a "rubber stamp" for the police; (3) when the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant was so facially deficient that the executing officers could not reasonably have presumed that the warrant was valid.

*United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011). In assessing whether the good faith exception applies, we confine our analysis "to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances." *Leon*, 468 U.S. at 922 n.23.

Morton does not claim that the magistrate was misled or authorized the warrant in bad faith. Rather, he only claims that the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." (Appellant's Br. at 14). Morton asserts that "no reasonable officer could find, under the assertions set forth in the search warrant, that seizure of trash from a can in a public alley alone could support

3

a finding of probable cause to search [his residence]." (*Id.* at 14-15). We reject this argument.

Our review of the record indicates that, as the district court correctly held, the affidavit "plainly supported the magistrate's determination that there was probable cause justifying a search warrant." (J.A. 94).[*] In this case, law enforcement conducted a trash pull from unmarked garbage cans immediately behind the residence and discovered drug paraphernalia as well as documents linking the garbage cans to the address in question. On nearly identical facts, we have held that drug paraphernalia from a trash pull immediately behind a residence is sufficient to establish probable cause. *United States v. Gary*, 528 F.3d 324, 326-28 (4th Cir. 2008). Thus, a reasonably well trained officer would have good reason to believe that the search here was legal under this court's precedent. Under the totality of the circumstances, the affidavit was not lacking in indicia of probable cause, and Morton fails to establish reversible error in the district court's determination that the good faith exception applies.

Accordingly, we affirm the denial of the motion to suppress and the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] "J.A" refers to the joint appendix filed by the parties on appeal.

4